Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6245 | DATE | 1/10/2002 |
| CASE TITLE | Local 25 S.E.I.U. Welfare Fund and Local 25 S.E.I.U. & Participating Employers Pension Trust v. Great Lakes Maintenance and Security Corporation, an Illinois Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion to dismiss the plaintiffs' complaint with prejudice is granted. [Doc. # 8].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 11 2002 date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | AO 450 form. — mailed w/decision | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| | | | 1-10-02 date mailed notice | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Local 25 S.E.I.U. Welfare Fund and Local 25 )
S.E.I.U. & Participating Employers Pension )
Trust, )
)
              Plaintiffs, )
)   No. 01 C 6245
     v. )
)   HONORABLE DAVID H. COAR
Great Lakes Maintenance and Security )
Corporation, an Illinois Corporation. )
)
              Defendant. )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
JAN 11 2002

Before this court is defendant, Great Lakes Maintenance and Security Corporation ("Great Lakes" or "defendant") motion to dismiss plaintiffs', Local 25 S.E.I.U. Welfare Fund and Local 25 S.E.I.U. & Participating Employers Pension Trust ("Funds" or "plaintiffs"), complaint pursuant to Federal Rule of Procedure ("FRCP") 12(b)(6). For the following reasons, the defendant's motion to dismiss with prejudice is GRANTED.

**Statement of Facts**

On March 21, 2000, plaintiffs filed an action against the defendant ("Original Action") requesting the recovery of certain benefits for the period of August 1999 through February 2000. See Local 25 S.E.I.U. Welfare Fund and Local 25 S.E.I.U. & Participating Employers Pension Trust v. Great Lakes Maintenance and Security Corporation, an Illinois Corporation, Case No. 00 C 1723. On February 16, 2001, the Original Action was settled and dismissed pursuant to a

1

Stipulation to Dismiss ("Stipulation"). The Stipulation states that plaintiffs agree " . . . not to sue and further agree to release and forever discharge Defendant and each of its past, present and future owners, directors, officers, agents, employees and the predecessors, successors and assigns each of them, from any and all claims that were or could have been asserted in the [Original Action}." Stipulation at 3(a).

At some point subsequent to the filing of the plaintiffs' complaint, it was brought to the plaintiffs' attention that, for the payroll period of August 1999 through March 2000, the defendant was delinquent in its contribution to the Funds in the amount of $74,375.77.

The plaintiffs filed a "Motion to Vacate Order of Dismissal and to Reinstate Action ("Motion to Vacate"). Through the motion to vacate, the plaintiffs sought leave to file an amended complaint which included recovery from the original period as well as from August 1999 through March 2000. The Honorable Judge Ronald A. Guzman dismissed plaintiffs' Motion to Vacate on May 23, 2001.

On August 14, 2001, Plaintiffs filed a complaint in the instant matter seeking contributions from the defendant in the amount of $119,634.27. Defendant filed a Motion to Dismiss plaintiffs' complaint for failure to state a cause of action pursuant to FRCP 12(b)(6).

### Standard of Review For Motion To Dismiss

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint only if "it is clear that no relief could be granted under any set of

2

facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977). Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986).

## Analysis

The defendant argues that the doctrine of *res judicata* precludes the plaintiffs from bringing their complaint against the defendant. This court agrees.

It is well-established that under the doctrine of *res judicata*, a resolution of a previous case bars litigation of a later claim if the following elements are present: (1) the final judgment of the previous case was on the merits; (2) parties or their privies int eh two suits are the same; and (3) the causes of action in both suits are the same. Mandarino v. Pollard, 718 F.2d 845, 849 (7th Cir. 1983). In Jit Kim Lim v. Central Dupage Hospital, 972 F.2d 758 (7th Cir. 1992), rehearing denied, 1992 U.S.App. LEXIS 27560, the Seventh Circuit adopted the 'same transaction' test to determine the similarity of particular causes of action:

> Under this test, a cause of action consists of a single core of operative facts which give rise to a remedy. This same transaction test is decidedly fact-orientated. Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. Thus, a mere change in the legal theory does not create a new cause of action. Therefore, prior litigation

3

> acts as a bar not only to those issues that were raised and decided in the earlier
> litigation but also to those issues which could have been raised in that litigation.

Id. at 763.

In this case, the plaintiffs' causes of action in the both the instant matter and the Original Action "consist of a single core of operative facts which give rise to a remedy". Both the Original Action and the instant matter concern the recovery of delinquent contributions from the defendant. The plaintiff argues that the since the time periods for which contributions are sought are different, the claims themselves are different. In support, the plaintiff cites to <u>United Food & Commercial Workers Local 100 - A Health and Welfare Fund v. City Foods, Inc.</u>, 878 F.Supp. 122, 123 (N.D. Ill. 1995), for the proposition that a defendant's continuing course of conduct, even if related to conduct complained of in the earlier lawsuit, generally creates a separate cause of action for *res judicata* purposes. In the in instant action, however, unlike <u>United Food</u>, the parties signed a Stipulation to Dismiss in the previous lawsuit, explicitly stating the plaintiffs agreed " . . . not to sue and further agree[d] to release and forever discharge Defendant and each of its past, present and future owners, directors, officers, agents, employees and the predecessors, successors and assigns each of them, from any and all claims that were or could have been asserted in the [Original Action}." Stipulation at 3(a). Any confusion over the scope of the Stipulation was settled by Judge Guzman's decision to dismiss plaintiffs' Motion to Vacate, wherein he held:

> Contrary to plaintiffs' assertions, the plain language of the Stipulation to Dismiss shows
> that the parties intended that defendant would be released and discharged from any and all
> claims that were or could have been asserted in this litigation. As plaintiffs concede, at
> any time during the pendency of this litigation, they could have amended the Complaint
> to include damages for the defendant's failure to make contributions for the months of
> April 2000 through December 2000. Plaintiffs chose not to do so. Despite the broad

4

language in the Stipulation to Dismiss that releases defendant from any claims that could have been asserted against it, plaintiffs also opted not to ensure against any further outstanding delinquencies from defendant prior to executing the Stipulation to Dismiss. This, indeed, was unfortunate. The cost of an increment of care in waiting to execute the Stipulation to Dismiss until plaintiffs were sure that defendant did not have any outstanding delinquencies was minimal in relation to its expected benefits. This type of mistake is not proper ground for relief under Rule 60(b).

Given Judge Guzman's explicit view that the Stipulation precludes the plaintiffs from seeking recovery of contributions for the period between April 2000 and December 2000, this court does not have the authority to re-address the exact issue between the same parties. If Judge Guzman had simply denied the Motion to Vacate, the issue for this court would have been straightforward: did the dismissal resolve all claims for delinquency that had arisen (or at least those about which the plaintiff was aware) at the time of the dismissal. Stated more precisely, the question would concern whether claims for delinquency that arose after the filing of the complaint (but before th case was dismissed) constitute claims that "could have been asserted" in the original action. Great Lakes obviously took the position that any claim that could have been brought by way of amending the complaint, was a claim that "could have been asserted". There is, of course, another interpretation which would have read that language to include <u>any other</u> disputes between the parties which arose during the time period covered by the complaint (or an earlier period if the complaint was filed prior to the running of any limitations period).

For his part, in deciding the Motion to Vacate, Jude Guzman apparently concluded that the language was unambiguous and because the complaint could have been amended to include claims for delinquencies which arose after the complaint was filed (but before dismissal), the stipulation barred relief that the plaintiff sought.

In filing this action, plaintiffs ask this court to do what Judge Guzman said could not be

5

done. While it is true that procedurally Judge Guzman only denied the Motion to Vacate, the basis of his decision turned on an interpretation of the Stipulation that is incompatible with the relief sought in the instant case. Plaintiffs had their day in court on this issue before Judge Guzman. Their attempt to avoid his decision will unsuccessful.

## Conclusion

For the reasons set forth above, the defendant's motion to dismiss the plaintiffs' complaint with prejudice is granted.

**Enter:**

**David H. Coar**

**United States District Judge**

Dated: JAN 1 0 2002

6